IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

Vs.                                    CRIMINAL NO. 5:13-cv-2-DCB-LRA

MARCO PEREZ-SERRANO                                          DEFENDANT

ORDER

This matter is before the Court on Defendant Marco Perez-Serrano ("Perez-Serrano")'s Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). Having read the Motion, response thereto, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follow:

Background

On February 20, 2013, Perez-Serrano was indicted for conspiracy to cause mutiny and rioting in a Federal Penal, Detention or Correctional Facility in violation of 18 U.S.C. § 1792. Defendant entered a guilty plea and was sentenced to serve a term of 105 months, together with restitution, to be paid jointly and severally, in the amount of $1,382,313.00. Defendant is a deportable alien and will likely be deported upon his release from imprisonment. Accordingly, the Court did not order supervised release. Perez-Serrano is currently serving his sentence at USP Lee, in Jonesville, Virginia. He is scheduled to

1

be released on August 30, 2020. Serrano seeks compassionate release due to the COVID-19 pandemic.

## Discussion

Title 18, United States Code, Section 3582(c)(1)(A) permits a court to reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) Prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the Bureau of Prison's decision not to file a motion for compassionate release, or
(2) Prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). The statute does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise. See United States v. Koons, No. CR 16-214-05, 2020 WL 1940570, at *3 (W.D. La. Apr. 21, 2020).

The Court is sympathetic to the effects of the COVID-19 pandemic and the ensuing risks associated with detention facilities. However, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Perez-Serrano's

2

failure to exhaust his administrative remedies or to waive the 30-day waiting period.

Accordingly, the Court does not have the authority at this time to grant the requested relief. United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic and the heightened risk at the Oakdale facilities, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); United States v. Clark, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) ("The Defendant concedes that he has failed to comply with the exhaustion requirements under the statute; therefore, this motion is not ripe for review."); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("As noted, Raia failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: ... Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.")); United States v. Wicker, No. 18-108, 2020 WL 2066728, at *2 (M.D. La. Apr. 29, 2020)("Consequently, because Petitioner has failed to exhaust his administrative remedies, this Court must apply the mandatory exhaustion requirement

described above and deny Petitioner's motion for lack of jurisdiction.").

Additionally, while Perez-Serrano argues that COVID-19 creates an extraordinary and compelling circumstance justifying his release from prison, the defendant does not allege that he is within the category of individuals who are at high risk for serious illness or death resulting from COVID-19, i.e., those with certain underlying conditions and those who are classified as elderly. A generalized fear of contracting COVID-19 does not justify compassionate release. The court in United States v. Clark addressed this issue:

> Furthermore, defendant fails to show that concerns about the spread of COVID-19, without other factors to consider in his particular case, present extraordinary and compelling reasons that warrant modification of his sentence and immediate release from custody pursuant to § 3582(c)(1)(A), which requires that a reduction of sentence under this provision be "consistent with applicable policy statements issued by the Sentencing Commission." General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.

No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020)(quoting United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020)). The reasoning and analysis in Clark and Eberhart apply to the present case. Perez-

4

Serrano has failed to exhaust his administrative remedies as required by the statute. Further, Perez-Serrano has failed to demonstrate extraordinary and compelling reasons for a sentence modification.

Accordingly,

Defendant's Motion to Modify Prison Sentence Pursuant to 18 U.S.C. § 3582(c) is DENIED.

SO ORDERED this the 27th day of May, 2020.

__/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE